UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA        :
                                :
              - v. -            :     **NOTICE OF APPEARANCE AND**
                                :     **REQUEST FOR ELECTRONIC FILING**
GIOVANNI "JOHN" GAMBINO,         :
                                :     88 Cr. 919 (PKL)
        Defendant.              :
                                :
- - - - - - - - - - - - - - - x

**MEMORANDUM IN OPPOSITION TO DEFENDANT GAMBINO'S MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE**

The Government writes in opposition to the defendant's motion to terminate or modify his original three year term of supervised release pursuant to 18 U.S.C. § 3583(e)(1)(2) and Rule 32.1(c) of the Federal Rules of Civil Procedure.[1]  The defendant presents essentially three arguments in support of his motion. He states (i) that his first year of supervised release has been without incident, (ii) that he is in poor health, and therefore apparently unlikely to commit further crimes; and (iii) that terminating or reducing supervised release is an appropriate vehicle to compensate the defendant for time he spent in custody while (ultimately unsuccessful) extradition proceedings were pending.  None of these reasons warrant early termination of supervised release and, indeed, given the defendant's serious

---

[1]  The undersigned AUSA was assigned to this case only yesterday evening, and bases this memorandum on a review of available files and a conversation with the defendant's Probation Officer.  The Government will bring any additional information that it subsequently learns bearing on this matter to the attention of the Court.

criminal history and ties to the Gambino organized crime family, both the Government and Probation Department believe that continued supervision until the three year term expires is warranted.

**Background**

The defendant's Presentence Investigation Report ("PSR") in which will be forwarded to Chambers along with a courtesy copy of this memorandum, makes plain that the defendant, a "capo" in the Gambino La Cosa Nostra ("LCN") family (PSR ¶ 124), played a key role in massive heroin importation ring (from Sicily to the United States) and in an LCN-related murder.  On top of this – and demonstrating a lack of compliance with judicial supervision – the defendant jumped bail and holed up in Florida hotel with a false passport until agents were able to re-arrest him.  (PSR ¶¶ 177-187).  The defendant entered a plea agreement to a racketeering count in which he admitted his involvement in the heroin importation and murder, as well as a loan-sharking and gambling operation.  (PSR ¶ 23).  The Court sentenced the defendant to a term of 15 years' imprisonment to be followed by three years' supervised release on April 4, 1994.  (PSR ¶ 26).

**Argument**

The Government and Probation Office both oppose the early

termination of the defendant's three year term of supervised
release.   The purpose of supervised release is to provide a
defendant with both monitoring and an incentive to obey the law
as he is released back into the general population.  At the time
of sentencing, the Court viewed three years (then the maximum,
PSR ¶ 270) as an appropriate period for such supervised release,
and the Government believes that a term of at least this length
was warranted by the defendant's serious criminal activity.
While the defendant has completed just over one year of
supervised release without incident, the Government and Probation
Department view this as a positive start to the process, not its
conclusion.  Leaving supervision in place for approximately
another two years will allow the Probation Office to continue to
ensure the defendant is complying with the law and his supervised
release requirements and give the defendant an incentive – by
virtue of the risk of possible termination of supervised release
and a new prison sentence – to continue complying.

     None of the defendant's other arguments alter this view.  As
to the defendant's ill health, the probation officer assigned to
the defendant has not required the defendant to personally report
to the Probation Department (he has made home visits instead).
Indeed, the probation officer can, within the limits of his
discretion, allow reporting by phone, allow travel where
necessary, or otherwise relax certain supervised release

requirements to account for the defendant's health needs and the
state of his adjustment to supervision.   To the extent the
defendant is suggesting that his age and health render him unable
to commit further crimes, that his belied by fact that many
defendants, including LCN defendants, continue to commit offenses
into their senior years.

        The defendant's remaining arguments ask the Court to
terminate supervised release (or at least end it somewhat
earlier) on the grounds that the defendant allegedly suffered
deleterious consequences by virtue of an extradition application
pending at the time of his arrest – specifically, that he was
held in BOP custody for eleven months while extradition was
pending and lost an opportunity for community confinement as a
result of the extradition.   This Government attorney, in the
brief period in which he has been assigned to the case, has not
been able to investigate the merits of the defendant's complaints
about the extradition process but submits that these complaints
simply are not relevant to the instant case.   The defendant does
not set out in his motion whether he sought bail while
extradition proceedings were pending, or why such bail
application was denied (perhaps because he had jumped bail before
notwithstanding a sizable bond).   The defendant can of course
file any legal proceedings he wishes relating to any allegedly
unlawful detainment concerning extradition.   But the need for

4

supervised release – to monitor the defendant's reintegration into the general population – is not altered or reduced because he spent time in jail pending an extradition matter.

At bottom, supervised release – particularly given that regular personal reporting to Probation is not required – should impose little burden on the defendant during the next two years if he is in fact living a law-abiding life  By contrast, should the defendant not live such a life, maintaining an ongoing period of supervised release enables to the Court to intervene as necessary.  The Government and Probation Department therefore respectfully request that the defendant's term of supervised release remain unmodified.

> Respectfully submitted,
>
> MICHAEL J. GARCIA
> United States Attorney for the
> Southern District of New York
>
>
> by:   /s/ Arlo Devlin-Brown
>       Assistant United States
>       (212) 637-2506