UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA

    v.                Criminal No. 88 CR 000-919-05 (ER)

SALVATORE LOBUGLIO
       Defendant,
_____/

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO
MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)**

AND NOW COMES the Defendant, Salvatore LoBuglio, proceeding pro se, and respectfully replies to the Government's response in opposition to Defendant's Motion for Reduction of Sentence. Mr. LoBuglio replies as follows:

1) On October 23, 2015, the Government submitted its reply to Mr. LoBuglio' motion for reduction of sentence. Within its reply the Government submits that Mr. LuBuglio's "Guideline range does not change as a result of the amendment to the Guidelines and he is therefore not eligible for a reduction in [his] sentence." Gov. Reply at p.4. The Government attempts to make its case by making an allusion "that the conspiracy of which [Mr. LoBuglio] was found guilty had as its object the importation and distribution of more that 30 kilograms [of] heroin based on the evidence at trial," and that "the offense as proved at trial involved between 30 and 100 kilograms of heroin." Ibid.

(1)

2) The Government notes that if Mr. LoBuglio were "sentenced today, under the Drug Quantity Table as modified by Amendment 782, the more than 30 kilograms of heroin proven at trial would still result in a base offense level of 36...When combined with the enhancements for the defendant's supervisory role (three levels) and obstruction of justice (two levels), the total offense level is 41, which, with a Criminal History of I, results in a now-advisory Guideline range of 324 to 405 months." Gov. Reply at pp. 4-5. (citations omitted). The Government submits that this GSR "is precisely the Guidelines range calculated by Judge Leisure at the defendant's [1991] sentencing." Gov. Reply at p.5.

3) Mr. LoBuglio respectfully submits that the Government's cursory analysis by the newly appointed Assistant United States Attorney is flawed and fails to take into account key components of this twenty-seven (27) your old drug case. There are intricate matters that perhaps will be best resolve by the Court at an evidentiary hearing.

4) First, it is important to note that the Court (Leisure, J.) found Mr. LoBuglio responsible for at least 10 Kilograms of heroin, resulting in a Base Offense Level of 36 for offenses involving at least 10 Kilograms or more of Heroin, as identified in the 1988 United States Sentencing Manual, Section 2D1.1(a)(3). Under the 1988 version of the Guidelines there was no Level 38 in the Drug Quantity Table. Rather, involvement of any amount of heroin above <u>ten</u> kilograms called for a base offense level of 36.

5) The Government within its January 29, 1991, Sentencing Memorandum suggested "that the total offense proved at trial <u>involved between</u> 30 and 100 kilograms of heroin." Gov. Sentencing Memo. at unnumbered page 1. (emphasis added). The Government in its Memorandum concede that under "the 1988 version of the Guidelines," the drug weight table topped out at level 36 "into which category nearly all heroin offenses involving 10 Kilograms or more were included." <u>Ibid</u>. Hence, all though the Government suggested that Mr. LoBuglio was responsible for between 30 and 100 kilograms of heroin; at the 1991 Sentencing Hearing, the district court <u>did not</u> determine an exact amount of heroin attributable to your Defendant because at the time there was no question that the 10 Kilogram threshold established under the 1988 Sentencing Manual for the maximum base offense level was met.

6) Today, under Amendment 782 and decisional law, a sentencing court is required to find a determinate amount of heroin in order to both **assign** an appropriate Base Offense Level and to **guide** the exercise of the Court's discretion when sentencing a criminal defendant. <u>Freeman v. United States</u>, 131 S.Ct. 2685, 2692 (2011). Mr. LoBuglio respectfully submits that a hearing before the Court is required to determine the quantity of heroin your Defendant is responsible for beyond the 10 Kilogram threshold.

7) Second, notwithstanding the above, if the Court were to pursue a categorical approach and accept the Government's submission that Mr. LoBuglio was responsible for between

(3)

30 and 100 kilograms of heroin, then the Government should be required to produce, by a preponderance of the evidence, a determinate amount of heroin between these two indeterminate quantities.

8) It is submitted that there is a wide range of drug weight between 30 and 100 kilograms, i.e., 66 lbs. to 220 lbs. The Government should not be allowed to present to the Honorable Court such a wide ranging estimation. According to the Government's proposed weight calculation, Mr. LoBuglio can be held responsible for as little as a pinch greater than 30 kilograms or as high as 99.99 kilograms of heroin? A hearing before the Court is required so the Government can present its case as to the precise amount of heroin attributable to Mr. LoBuglio within their proposed "30 and 100 kilograms." A determinate amount of heroin is required in this case to help guide the Court's discretion as to where within Mr. LoBuglio's amended GSR of 324 - 405 months he should be resentenced.

9) Finally, the Government seems to ignore the fact that the drug sentencing policy has changed drastically today, as compared to 1988. Mr. LoBuglio was sentenced to the high-end of his GSR, at a quondam maximum drug offense level, which was previously satisfied with 10 Kilograms of Heroin. See, U.S.S.G. § 2D1.1(a)(3) [1988]. Today, under Amendment 782, the maximum base offense level listed in the Drug Quantity Table is BOL 38, which incorporates a 900% increase in drug quantity to meet its prescribed 90 Kilogram threshold. Compare, U.S.S.G. § 2D1.1(c)(1) [2015]. Moreover, with

the sentencing policies in effect today, under an advisory guideline regime, it is not likely for a first-time, non-violent offender (assigned a below maximum drug offense level of BOL 36), to receive a high-end, aggravated sentence of 405-months. This holds true particularly when the defendant's only overt act in the course of the conspiracy was conducting a controlled buy of 250 grams of heroin. See, Count Five of Indictment No. 88 Cr. 919.

**Wherefore**, for the foregoing reasons, the Honorable Court should GRANT Defendant's motion for reduction of sentence under Section 3582(c)(2), and resentence Mr. LoBuglio at the low-end of his amended guideline range to adequately reflect the recent change in drug policy; or in the alternative, the Court should conduct an evidentiary hearing where the parties can flesh out the issues inherent to this twenty-seven (27) year old drug case. **AFFIANT FURTHER SAYETH NAUGHT.**

Respectfully submitted,

Dated: November 2, 2015

Salvatore LoBuglio, pro se
Reg. No. 15747-054
FMC-Devens, Unit H-A
P.O. Box 879
Ayer, Massachusetts 01432

## CERTIFICATE OF SERVICE

I, Salvatore LoBuglio, hereby certify that a true copy of the foregoing **DEFENDANT'S REPLY** has on this date been served upon Jilan Kamal, A.U.S.A., by depositing a copy in the U.S. mails, postage prepaid, addressed as follows:

> Jilan Kamal, A.U.S.A.
> United States Attorney's Office
> The Silvio J. Mollo Building
> One Saint Andrew's Plaza
> New York, New York 10007

Dated: November 2, 2015             Salvatore LoBuglio

November 2, 2015

Salvatore LoBuglio
Reg. No. 15747-054
FMC-Devens, Unit H-A
P.O. Box 879
Ayer, Massachusetts 01432

Office of the Clerk
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **UNITED STATES v. SALVATORE LOBUGLIO**
    **District Court Docket No. 88 CR 000-919-05 (ER)**

Dear Sir or Madam:

   Enclosed herewith you will find Defendant's reply. It has been executed in duplicate for filing, docketing, and action of the Court.

   Thank you for your attention on this matter.

                                    Sincerely,

                                    *Salvatore LoBuglio*
                                    Salvatore LoBuglio

SL/cjl
enclosures
cc: Jilan Kamal, w/ encl.



Salvatore LoBuglio #15747-054
Federal Medical Center Devens
P.O. Box 879, Unit H-A
Ayer, Massachusetts 01432

Criminal Docketing
JAB 11/10/15

Office of the Clerk
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007